NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

MACOMB BLOCK AND SUPPLY,
INC., Respondent.

No. 76–1882.

United States Court of Appeals,
Sixth Circuit.

March 9, 1978.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Vivian Miller, Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Karl R. Bennett, O'Leary, Murphy, Fregolle, Kargenian, Berg, Bennett, Reebel & Gorcyca, Southfield, Mich., for respondent.

Before EDWARDS, LIVELY and MERRITT, Circuit Judges.

ORDER

This matter is before the court on application of the Board for enforcement of its order finding that the respondent violated Section 8(a)(3) and (1) of the Labor Act by refusing to hire the former employees of an acquired business because those employees were represented by a union. Following a hearing an administrative law judge dismissed the complaint and the Board divided 2–1 in reversing the decision of the administrative law judge. The decision and order of the Board are reported at 223 N.L.R.B. No. 194 (1976).

Upon consideration of the entire record together with the briefs and oral arguments of counsel the court concludes that the Board failed to apply the controlling law as set forth in *Howard Johnson Co., Inc. v. Detroit Local, etc., Union,* 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974), to the facts of this case.

The application for enforcement is denied.

NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

212 AUTO SALES, INC., Respondent.

No. 76–1958.

United States Court of Appeals,
Sixth Circuit.

March 13, 1978.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Michael S. Winer, Joseph A. Oertel, Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Bert J. Fortuna, Jr., Peter J. Kok, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for respondent.

Before PHILLIPS, Chief Judge, and CELEBREZZE and MERRITT, Circuit Judges.

ORDER

This case is before the court on the application of the National Labor Relations Board to enforce its order reported at 223 N.L.R.B. No. 215. Reference is made to the reported decision of the Board for a recitation of pertinent facts.

We conclude that all parts of the decision of the Board are supported by substantial evidence on the record as a whole except those parts holding that the Company violated § 8(a)(3) and (1) of the Act by discharging Alexander Kubilis, Patrick Pancer and Winfred Green. Enforcement is denied as to order of the Board ordering reinstatement of these three former employees with backpay.

It is ORDERED that in all other respects, enforcement of the Board's order be and hereby is granted.